UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

THURMAN SMITH

        Petitioner,

    v.

UNITED STATES OF AMERICA

        Respondent.

Case No.: 11-CR-00141-LHK-1
Civil Case No.: 13-CV-01206-LHK

ORDER DENYING PETITIONER'S
MOTION TO SET ASIDE, CORRECT,
OR VACATE SENTENCE PURSUANT
TO 28 U.S.C. § 2255

On March 18, 2013, Petitioner Thurman Smith ("Petitioner"), in *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 challenging his sentence and arguing that he received ineffective assistance of counsel on four grounds: (1) counsel was ineffective because counsel did not investigate or raise the issue of Petitioner's conviction for the same conduct in state court; (2) counsel was ineffective because counsel failed to object to purported errors in the Sentencing Guidelines calculation; (3) counsel was ineffective because counsel failed to appeal the judgment against Petitioner following a plea pursuant to which Petitioner waived the right to appeal; and (4) counsel was ineffective because counsel failed to object to the length and special terms of supervised release. *See* Motion to Set Aside, Correct, or Vacate Sentence Pursuant to 28 U.S.C. § 2255 ("Petition"), ECF No. 88.[1]

---

[1] All ECF citations refer to Case No. 11-CR-00141-LHK, unless otherwise noted.

Case No.: 11-CR-00141-LHK-1
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255

*United States District Court*
*For the Northern District of California*

**United States District Court**
For the Northern District of California

On June 19, 2013, the Court issued an Order directing the United States to respond. ECF No. 92. The United States filed its Opposition on July 19, 2013. ECF No. 95. After requesting and receiving an extension, Petitioner filed his Reply on September 23, 2013. ECF No. 99.[2]

## I.    BACKGROUND

### A.    The Indictment and Petitioner's Plea Agreement

On March 16, 2011, Petitioner was indicted in the Northern District of California, along with two co-conspirators, for one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2); four counts of access device fraud, in violation of 18 U.S.C. § 1029(a)(2) and (b)(1); and four counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). The Indictment alleged that between 2009 and 2010, Petitioner stole a number of credit cards from employees at Veterans' Affairs medical facilities. *See* ECF No. 1 ¶ 8. Petitioner and his co-conspirators allegedly used those and other stolen credit cards to make purchases at a variety of retail outlets. *Id.* Petitioner had previously been arrested for the theft of a credit card from Stanford Medical Center in February 2010, and was ultimately convicted in state court for one count of Use of Personal Identification Information without Authorization, and two counts of Second Degree Burglary. Presentence Investigation Report ¶ 55. He was paroled in February 2011 and arrested one month later, following the March 16, 2011 indictment, on the charges in the instant case. *Id.*

On October 26, 2011, with the assistance of appointed counsel, Petitioner executed a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Plea Agreement, ECF No. 46. Federal Rule of Criminal Procedure 11(c)(1)(C) provides that where the parties "agree that a specific sentence . . . is the appropriate disposition of the case . . . such a recommendation or request binds the court once the court accepts the plea agreement." The Plea Agreement provided, in part:

The Defendant's Promises

---

[2] Petitioner has also applied to proceed without payment of fees. ECF No. 89. This application is GRANTED. Petitioner's sole income is from his employment in the institution where he is incarcerated, and Petitioner has not been otherwise employed since 2004. *Id.*

Case No.: 11-CR-00141-LHK-1
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255

1. I agree to plead guilty to Counts One through Nine of the captioned indictment charging me with Conspiracy to Commit Access Device Fraud, in violation of 18 U.S.C.§ 1029(b)(2); Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(2) and (b)(1); and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). . . .

    . . . .

3. I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government.

4. I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I further agree to waive any right I may have to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution.

5. I agree to waive any right I may have to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated.

6. I agree not to ask the Court to withdraw my guilty pleas at any time after they are entered, unless the Court declines to accept the sentence agreed to by the parties. I agree that the government may withdraw from this Agreement if the Court does not accept the agreed upon sentence set out below. I agree that if the Court does not accept the agreed upon sentence set out below, the statute of limitations shall be tolled from the date I signed the plea agreement until the date the Court does not accept the agreement. I further agree not to ask the Court for a continuance of my sentencing hearing without the consent of the government.

7. I agree that my sentence should be calculated pursuant to the Sentencing Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I also agree that the Sentencing Guidelines range will be calculated as follows and that I will not ask for any other adjustment to or reduction in the offense level or for a downward departure from the Guidelines range:

    **Counts One – Five**
    U.S.S.G. § 3D1.2(d)

    | | | |
    |---|---|---|
    | a. | Base Offense Level:<br>U.S.S.G. § 2B1.1(a)(2) | 6 |
    | b. | Loss amount more than $10,000:<br>U.S.S.G. § 2B1.1(b)(1)(C) | +4 |
    | c. | More than 10 victims:<br>U.S.S.G. § 2B1.1(b)(2)(A) | +2 |
    | d. | Acceptance of Responsibility: | -2 |

3

U.S.S.G § 3E1.1(a)

    e.      Adjusted offense level:        10

**Counts Six – Nine**

    a.      24 months in addition to any sentence I may receive for the other violations to which I am pleading guilty
18 U.S.C. § 1028A(b)(2)

8.  I agree that a reasonable and appropriate disposition of this case, under the Sentencing Guidelines and 18 U.S.C. § 3553(a), and the sentence to which the parties have agreed, is as follows: 24 months imprisonment on Counts One Through Five, 24 months imprisonment on each of Counts Six through Nine (concurrent with each other (18 U.S.C. § 1028A(b)(4)), for a total term of imprisonment of 48 months; 3 years of supervised release (with conditions to be fixed by the Court); $900 special assessment; and restitution in an amount to be determined by the Court. I agree to pay restitution for all the losses caused by all schemes or offenses with which I was charged in this case, and I agree that the amount of restitution will not be limited to the loss attributable to the counts to which I am pleading guilty. . . .

    . . . .

10. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future. . . .

    . . . .

<u>The Defendant's Affirmations</u>

15. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that my attorney has provided me with all the legal advice that I requested.

16. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

17. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this agreement.

Plea Agreement ¶¶ 1-17. Petitioner explicitly acknowledged in the Plea Agreement that he understood that "because [he was] pleading guilty to more than one count, the Court may order the sentences on those counts to run consecutively." *Id.* ¶ 1. Nonetheless, the terms of the Plea

4

Case No.: 11-CR-00141-LHK-1
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255

1   Agreement entitled Petitioner to concurrent sentences for Counts One through Five and for Counts

2   Six through Nine. *Id.* ¶ 8.

3   **B.      Petitioner's Plea of Guilty**

4   On October 26, 2011, pursuant to the binding Plea Agreement, Petitioner pled guilty to one

5   count of conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2), four

6   counts of access device fraud in violation of 18 U.S.C. § 1029(a)(2) and (b)(1), and four counts of

7   aggravated identity theft in violation of 18 U.S.C. § 1028(a)(1). *See* Transcript of Proceedings of

8   October 26, 2011 (hereinafter, "Plea Transcript"). During the proceedings, Petitioner's counsel

9   raised the possibility of overlap between conduct that formed the basis of a previous conviction in

10  state court and the offense conduct in the instant case. Plea Transcript at 4:5-7:4. The Court

11  accepted the plea, subject to further investigation of the state court conviction as part of the

12  presentence investigation. Plea Transcript at 7:5-11.

13  During the plea colloquy, Petitioner and the Court engaged in the following exchange:

14  THE COURT: Okay. Have you had enough time to discuss this plea agreement with your
    attorney?

15
    THE DEFENDANT: Yes.
16
    THE COURT: All right. And has your attorney answered your questions about this plea
17  agreement?

18  THE DEFENDANT: Yes.

19  THE COURT: All right. Are you satisfied with the services that your attorney has provided
    for you?
20
    THE DEFENDANT: Yes.
21
    Plea Transcript at 9:1-9.
22
    Petitioner also acknowledged that he understood he was giving up his right to appeal his
23
    sentence:
24
    THE COURT: Now, if this case were to go to trial and you were to be convicted, you
25  would have the right to appeal your conviction, the judgment, your sentence, and any orders
    made by this court. But in paragraph 4 of your plea agreement, you are giving up your right
26  to appeal. Do you understand that you're giving up your right to appeal, sir?

27  THE DEFENDANT: Yes.

28
                                                    5

United States District Court
For the Northern District of California

1    Plea Transcript at 16:6-17:1.

2          At the change of plea hearing, the Court again asked Petitioner if he was satisfied with the

3    performance of his counsel. Plea Transcript at 18:6-7. As set forth below, Petitioner stated that he

4    had previously raised concerns about his counsel in front of a magistrate judge, but Petitioner

5    stated that his concerns had been resolved and Petitioner agreed that he was satisfied with his

6    counsel's services.

7          THE COURT: Mr. Smith, do you have any concerns about the effectiveness of your
           counsel thus far?
8
           THE DEFENDANT: I'm satisfied, Your Honor. I have raised that issue before. We went in
9          front of a judge magistrate -- what was his name?.

10         [DEFENDANT'S COUNSEL]: We were before Judge Grewal

11         THE COURT: Okay.

12         THE DEFENDANT: Yes. So I've had that concern before. I'm satisfied. I'm satisfied.

13         THE COURT: Okay.

14         THE DEFENDANT: I can move ahead.

15         THE COURT: All right. You are satisfied; correct?

16         THE DEFENDANT: Yes.

17         THE COURT: All right. And the issues that you raised with Judge Grewal, they've been
           taken care of? They're resolved?
18
           THE DEFENDANT: Yes, ma'am.
19
     Plea Transcript at 18:8-22. At the change of plea hearing, Petitioner again reiterated his satisfaction
20
     with his counsel's services.
21
           THE COURT: Okay. Sir -- any additional concerns you have about your representation
22         today by [counsel]?

23         THE DEFENDANT: No.

24         THE COURT: Okay. You are satisfied with [counsel's] services, correct, as your attorney?.

25         THE DEFENDANT: Yes.

26   Plea Transcript at 25:5-27:9.

27

28
                                                       6
     Case No.: 11-CR-00141-LHK-1
     ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
     PURSUANT TO 28 U.S.C. § 2255

**United States District Court**
For the Northern District of California

1

2          **C.      Petitioner's Sentencing**

3          On March 14, 2012, the Court sentenced Petitioner to the 48-month sentence agreed upon

4   by the Petitioner and the government in the binding Plea Agreement. *See* Transcript of Proceedings

5   of March 14, 2012 ("Sentencing Transcript"). Petitioner's counsel concurred with the terms of the

6   Plea Agreement, but at the request of Petitioner, asked the court to consider that Petitioner had

7   previously been convicted and sentenced in state court for conduct that was related to conduct

8   charged in the indictment. Sentencing Transcript at 3:4-21 (Probation Officer: "[I]f you completely

9   eliminate the Santa Clara County case, take that completely out of this analysis, [Petitioner] would

10  still be looking at the same guideline, the same offense level, the same loss amount in this case.

11  And the Guidelines are very clear. Because it's relevant conduct, we don't assign three points to

12  that particular conviction. If we had, he'd be a Category 6 [for criminal history]"). The Court

13  confirmed with the Probation Officer and government counsel that the state conviction had not

14  been considered in the calculation of criminal history, and the conduct that led to the burglary and

15  false impersonation convictions in state court had not been considered in the calculation of the

16  offense level or the restitution in the instant case. Sentencing Transcript at 3:22-5:8. The Court

17  specifically found "the State case . . . does not impact the restitution amount, there's no double

18  counting here" and found that "the criminal history doesn't give any points for [the state offense.]"

19  Sentencing Transcript at 17:8-14.

20          The Court, counsel for petitioner, and the government engaged in a lengthy discussion

21  concerning a particular condition of Petitioner's supervised release. Sentencing Transcript at 6:17-

22  16:8. Because Petitioner was convicted of using credit cards stolen from unattended offices and

23  bags in a Veterans' Affairs Medical Center, a condition of the Plea Agreement stated that Petitioner

24  would be barred from entering nearby medical facilities without a medical appointment or medical

25  emergency. Plea Agreement ¶ 8. Counsel for Petitioner argued that the imposition of these terms as

26  written would be unduly burdensome, as these terms might prevent Petitioner from obtaining non-

27  medical veterans' services that might be administered through Veterans' Affairs medical facilities.

28

7

Case No.: 11-CR-00141-LHK-1
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255

Sentencing Transcript at 7:25-9:5. In response to counsel's concerns, the Court amended the condition, allowing the Petitioner additional access to nearby medical facilities with "permission from his probation officer." Sentencing Transcript at 20:8-12.

During the sentencing hearing, the Court stated that if Petitioner had gone to trial, Petitioner could have faced a higher sentence. *Id.* at 11:1-3. The Court noted that Petitioner's co-defendant was sentenced to 40 months even though she did not have Petitioner's extensive and violent criminal history. *Id.* at 10:21-22. Moreover, both of Petitioner's co-defendants had previously entered into plea agreements requiring cooperation with the government in the case against Petitioner. ECF Nos. 23, 36. The Presentence Investigation Report further stated that one of the co-defendants confirmed Petitioner's identity in surveillance images and confirmed that "Smith stole the wallets, handed them off to [the co-defendants] and it was the [co-defendants] who made the purchases." Presentence Investigation Report ¶ 12. Importantly, the criminal activity charged in this case occurred at Veterans' Affairs facilities, and Petitioner, a U.S. army veteran, was the defendant with access to such facilities. Presentence Investigation Report ¶ 9. In addition, the Presentence Investigation Report stated that Smith "had in his possession at the time of his arrest at least three Target gift cards, purchased with stolen credit cards." *Id.* ¶ 8. The Court ultimately concluded that the agreed-upon sentence in the Plea Agreement was "just and proper," but did so only "reluctantly," in light of Petitioner's criminal history. Sentencing Transcript at 16:10-17. The Court expressed concern that the calculated criminal history score "underrepresents [Petitioner's] true criminal history based on the sheer amount of violence that's in the history, as well as the fraud." *Id.* at 16:18-22. The Presentence Investigation Report reflected that Petitioner had thirteen prior convictions in total. Presentence Investigation Report ¶¶ 43-55. Six of these convictions, including two for armed robbery and one for assault and battery, did not count toward Petitioner's criminal history calculation, because these convictions were too old under Sentencing Guideline § 4A1.2(e)(3). *Id.* ¶¶ 43-48. Moreover, Petitioner had an extensive history of arrests for domestic violence against his ex-wife (one of the co-defendants in the instant case) and the children they shared. *Id.* ¶¶ 61-63; 65-69; 71. Petitioner's ex-wife generally refused to prosecute following these

Case No.: 11-CR-00141-LHK-1
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255

arrests, and no convictions resulted. *See, e.g. id.* ¶¶ 65, 67. In the Presentence Investigation Report, Petitioner admitted to some of the alleged violence against his wife, but asserted that the violence was always "a result of a [sic] mutual combat." *Id.* ¶ 61. The Court sentenced Petitioner to the sentence to which the parties agreed in the binding Plea Agreement: 48 months of total imprisonment, three years of supervised release, a mandatory special assessment for each count, and restitution. Sentencing Transcript at 17:15-21:19.

### D.    Appeal and Withdrawal of Appeal

On April 4, 2012, Petitioner's counsel filed a notice of appeal of the final judgment to the United States Court of Appeals for the Ninth Circuit. ECF No. 78. On April 24, 2012, Petitioner's counsel filed a motion to dismiss appeal. *United States v. Smith,* Case No. 12-10174, ECF No. 2 (9th Cir. Apr. 24, 2012). The Ninth Circuit denied that request without prejudice to renewal within 21 days accompanied by written consent to the motion from Petitioner. *United States v. Smith,* Case No. 12-10174, ECF No. 3 (9th Cir. Apr. 27, 2012). On May 9, 2012, Petitioner renewed his motion to dismiss appeal, with attached signed statements from Petitioner's counsel and Petitioner. *United States v. Smith,* Case No. 12-10174, ECF No. 4 (9th Cir. May 9, 2012). In his statement, Petitioner instructs his counsel to "act on my behalf and to withdraw and abandon the appeal previously filed" in this matter. *Id.*, Ex. A. Petitioner's counsel, in his declaration, summarized the events as follows:

1.  I, [counsel], was [Petitioner's] attorney of record in United States District Court for the Northern District of California case no. CR 11-00141-1 LHK.

2.  On April 2, 2012, [Petitioner] informed me he wished to appeal the result in his case.

3.  On April 4, 2012, I filed a Notice of Appeal on the client's behalf.

4.  After the Notice of Appeal was filed, [Petitioner] called my office and informed an employee with my law firm that he wished to withdraw his appeal.

5.  After being informed of the client's request, I spoke with [Petitioner] on the phone and explained to him the consequences of withdrawing his appeal. [Petitioner] understood those consequences. [Petitioner] reviewed and signed the consent form attached to this motion as "Exhibit A."

6. Based upon my conversation with [Petitioner], I am informed and believe he is knowingly, intelligently and voluntarily requesting a dismissal of his appeal and is not doing so under force or duress.

*Id.,* Ex. B. The Ninth Circuit, based on the representations of Petitioner and Petitioner's counsel, granted the motion to dismiss the appeal. *United States v. Smith,* Case No. 12-10174, ECF No. 5 (9th Cir. May 10, 2012).

## II.   DISCUSSION

### A.   Standard of Review

A motion to set aside, correct or vacate a sentence of a person in federal custody pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C § 2255. Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). A court need not hold an evidentiary hearing where the prisoner's allegations, when viewed against the record, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996); *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989), *cert. denied*, 493 U.S. 869 (1989); *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984), *cert. denied*, 470 U.S. 1058 (1985). "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993); *see also United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004). While a petitioner is not required to allege facts in detail, he must make factual allegations. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Accordingly, an evidentiary hearing is required only if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. *Howard*, 381 F.3d at 877.

### B.   Petitioner's Waiver of Rights

Case No.: 11-CR-00141-LHK-1
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    A defendant may expressly waive the statutory right to bring a § 2255 petition challenging

2    the conviction or sentence. *United States v. Pruitt,* 32 F.3d 431, 433 (9th Cir. 1994); *United States*

3    *v. Abarca,* 985 F.2d 1012, 1015 (9th Cir. 1993), *cert. denied*, 508 U.S. 979 (1993). One claim that

4    cannot be waived, however, is that ineffective assistance of counsel rendered the waiver

5    involuntary. *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005), *cert. denied*, 574 U.S.

6    1074 (2006). Based on the language of the Plea Agreement, Petitioner has waived his right to

7    petition under § 2255 on any basis other than ineffective assistance of counsel. Plea Agreement at

8    ¶¶ 4-5; Plea Transcript at 16:15-17:1. Thus, to the extent that any of Petitioner's claims are based

9    on grounds other than ineffective assistance of counsel, those claims are waived and need not be

10   addressed by this Order.

11       **C.       Ineffective Assistance of Counsel**

12       A petitioner's claim of ineffective assistance of counsel is governed by the two-part test set

13   forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies to claims

14   that a guilty plea was not knowing and voluntary. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To

15   prevail on such a claim, Petitioner must show that: (1) counsel's representation fell below the range

16   of competence demanded of attorneys in criminal cases, and (2) there is a reasonable probability

17   that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on

18   going to trial. *Id.* Petitioner asserts three grounds for claiming ineffective assistance of counsel

19   during sentencing, and one ground for claiming ineffective assistance of counsel following final

20   judgment.

21              **1.       Ineffective Assistance of Counsel at Sentencing**

22       Petitioner claims that counsel was ineffective throughout his sentencing. Specifically,

23   Petitioner alleges (1) that counsel should have further investigated or raised the issue of Petitioner's

24   conviction in state court for the same conduct; (2) that counsel should have objected to purported

25   errors in the Guidelines calculation; and (3) that counsel should have objected to the length and

26   terms of his supervised release. Petition at 4, 5, 8. None of these claims entitles Petitioner to relief

27   or an evidentiary hearing for the reasons stated below.

28

Case No.: 11-CR-00141-LHK-1
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255

United States District Court
For the Northern District of California

1       First, Petitioner's contention that counsel failed to adequately raise the issue of punishment

2  for the same conduct in state court is not credible. The issue was raised by Petitioner's counsel at

3  the plea colloquy. Plea Transcript at 4:9-7:16. Furthermore, the issue was specifically addressed in

4  the Presentence Investigation Report, which did not assign any criminal history points for the

5  related state court conviction. Presentence Investigation Report ¶ 55 ("Since this Santa Clara

6  County Superior Court case is part of the instant offense, [Petitioner] does not receive any criminal

7  history points for the conviction"). Moreover, the conduct underlying the state court conviction

8  was not considered in calculating Petitioner's offense level or restitution. Sentencing Transcript at

9  3:4-21 (Probation Officer: "[I]f you completely eliminate the Santa Clara County case, take that

10  completely out of this analysis, [Petitioner] would still be looking at the same guideline, the same

11  offense level, the same loss amount in this case. And the Guidelines are very clear. Because it's

12  relevant conduct, we don't assign three points to that particular conviction. If we had, he'd be a

13  Category 6 [for criminal history]"). The issue was raised again by Petitioner's counsel at

14  sentencing. Sentencing Transcript at 3:4-19 ("Mr. Smith has requested that I state on the record and

15  ask the Court to consider that he was previously prosecuted, convicted, sentenced, and then paroled

16  on a related case, the Santa Clara County, Palo Alto Docket Number V-1046446. . . . The P.S.R. in

17  this case correctly did not count the criminal history for that or include that in the loss calculation.

18  Mr. Smith thought it was important that the Court understand that in some respect he's already

19  been punished for this course of conduct. That said, we concur with the terms of the agreement and

20  the recommendation."). Petitioner makes no allegations to suggest that counsel could have done

21  anything further to alter the outcome of the instant case.

22       Second, Petitioner's claims with regard to counsel's failure to object to the Sentencing

23  Guidelines calculations are similarly unavailing. Petitioner specifically agreed to the Sentencing

24  Guidelines calculation as part of his binding 11(c)(1)(C) Plea Agreement. Plea Agreement ¶ 7.

25  While a Sentencing Guidelines miscalculation can form a sufficient basis for a finding of

26  ineffective assistance, *United States v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012), Petitioner's

27  allegations are merely conclusory, and do not specify what errors were made or how any errors

28

Case No.: 11-CR-00141-LHK-1
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255

**United States District Court**
For the Northern District of California

1  would have impacted his sentence. *See* Petition at 5; Reply at 6-8. Rather, Petitioner states only

2  that "[c]ounsel was ineffective for failing to object to the offender score calculation. Sentence was

3  imposed as a result of an incorrect application of the sentencing guidelines. I was sentenced in

4  category 5 with an offense level of 8. This error was not addressed by my attorney. The court erred

5  in its guideline determination. As a result I received an increased sentence. Counsel by not asking

6  for a hearing to address sentencing error fell below objective standards of an attorney." Petition at

7  5. However, as stated on the record at the sentencing hearing, the Court adopted the specific

8  offense level calculations set forth in both the Plea Agreement and the Presentence Investigation

9  Report. Plea Agreement ¶ 7; Presentence Investigation Report ¶¶ 27-40; Sentencing Transcript at

10  6:2-21. At no point did Petitioner object to these calculations. Nor did Petitioner object to the

11  Presentence Investigation Report's calculation of his criminal history points and category.

12  Presentence Investigation Report ¶ 58. Despite the specific calculations of Petitioner's offense

13  level and criminal history, Petitioner has failed to allege what part of the calculations were

14  erroneous and therefore should have drawn an objection from counsel. In the absence of such facts,

15  the Court cannot conclude that counsel acted in an objectively unreasonable manner.

16        Third, Petitioner's claim that counsel was ineffective for failing to object to the terms and

17  length of his supervised release is not credible. Petitioner does not specify what objections should

18  have been made, or make anything more than conclusory statements about the appropriate length

19  of his supervised release. *See* Petition at 8; Reply at 13. Rather, Petitioner merely states that

20  "counsel's not raising issue of length of or being sentenced to supervised release has effected my

21  case. By not raising issue of supervised release counsel fell below prevailing professional norms

22  affecting my sentence. Counsel didn't raise issue of imposition or the length of a term of

23  supervised release. Counsel didn't ask court to consider statutory factors in determination of the

24  issue. My classification of felony determines a different application of supervised release. Counsel

25  was ineffective for not raising issue that affected my sentence." Petition at 8. Notwithstanding the

26  lack of specificity, Petitioner's contentions are belied by the record. Petitioner specifically agreed

27  to the three year term of supervised release in the binding Plea Agreement. Plea Agreement ¶ 8.

28

Case No.: 11-CR-00141-LHK-1
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255

United States District Court
For the Northern District of California

1   During the change of plea colloquy, Petitioner confirmed three times that he understood the

2   potential imposition of three years of supervised release. Plea Transcript at 11:4-9; 12:5-10; 12:25-

3   13:6. Moreover, the Presentence Investigation Report recommended a three year supervised release

4   term, to which Petitioner did not object. Presentence Investigation Report, Sentencing

5   Recommendation, at 2.

6          With respect to the special conditions of his supervised release, Petitioner's counsel raised

7   this issue at length during sentencing. *See* Sentencing Transcript at 6:17-16:8. Notwithstanding the

8   terms of the binding Plea Agreement, pursuant to which Petitioner agreed to "not enter any VA

9   medical facility, the Stanford Medical Center, the Palo Alto Medical Foundation, or the UC Davis

10   Medical Center unless [he has] a valid medical appointment or medical emergency," Petitioner's

11   counsel was able to successfully obtain a partial relaxation of the limits on Petitioner's access to

12   these medical facilities for the purposes of obtaining non-medical services. Plea Agreement ¶ 8;

13   Sentencing Transcript at 7:25-9:5. Specifically, Petitioner's counsel contended that the imposition

14   of the special condition that Petitioner could not enter a Veterans' Affairs facility without a

15   medical appointment or medical emergency might prevent Petitioner from obtaining non-medical

16   veterans' services administered through Veterans' Affairs medical facilities. Sentencing Transcript

17   at 7:25-9:5. In response to counsel's concerns, the Court amended the condition, allowing the

18   Petitioner additional access to all of the above medical facilities with "permission from his

19   probation officer." Sentencing Transcript at 20:8-12. Particularly in light of counsel's successful

20   advocacy, Petitioner has not provided any allegations about what counsel could have done to

21   further improve the ultimate outcome.

22          In sum, the record discloses that counsel was aware of and argued both the same conduct

23   and supervised release issues, and Petitioner has not made anything other than conclusory

24   allegations regarding the Sentencing Guidelines calculation. Petitioner has not established that his

25   attorney's performance fell below "the range of competence demanded of attorneys in criminal

26   cases." *Hill*, 474 U.S. at 56 (internal quotation marks and citation omitted). Based on this finding

27   alone, Petitioner's claim of ineffective assistance of counsel at sentencing could be dismissed, as

28

14

Case No.: 11-CR-00141-LHK-1
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255

"[f]ailure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

Nonetheless, the Court notes that even if Petitioner could establish that his counsel acted ineffectively at sentencing, Petitioner has not shown that he was prejudiced as a result. With respect to the same conduct issue, the Court specifically found that the conduct for which Petitioner was punished in state court was not considered in calculating Petitioner's Sentencing Guidelines offense level, criminal history category, or amount of restitution. Sentencing Transcript at 3:4-21, 17:8-12. Petitioner makes no allegation that his sentence or plea would have been any different had his counsel or the Court conducted even further investigation into the previous state court conviction. With respect to other objections that Petitioner alleges should have been made by counsel at sentencing, there is no reason to conclude that objecting to the sentence to which the parties agreed in the Plea Agreement would have improved Petitioner's position. To the contrary, the Court accepted the sentence recommended in the Plea Agreement only "reluctantly," because of concerns that the criminal history reflected in the Guidelines calculation "underrepresents [Petitioner's] true criminal history." Sentencing Transcript at 16:10-12, 19-22. Thus, Petitioner has not shown that he was prejudiced as a result of counsel's actions at sentencing.

Further, Petitioner was sentenced in accordance with the terms of the binding Plea Agreement, and a claim that Petitioner might have extracted a more favorable plea with better assistance is insufficient to establish prejudice. Rather, Petitioner would instead have to show that he would have "insisted on going to trial" but for the ineffective assistance. *Hill*, 474 U.S. at 59. Petitioner has made no such allegation. To the contrary, the record indicates that Petitioner would have faced long odds if he had insisted on going to trial in light of the fact that Petitioner's co-defendants entered into plea agreements requiring cooperation with the government in the case against Petitioner. ECF Nos. 23, 36. Furthermore, the purportedly unlawful conduct stemmed from thefts at the Veterans' Affairs facilities, and Petitioner was the only co-defendant who was a veteran and therefore had access to such facilities. Presentence Investigation Report ¶ 9. Moreover, Smith "had in his possession at the time of his arrest at least three Target gift cards, purchased with

15

United States District Court
For the Northern District of California

stolen credit cards," and one of Petitioner's co-defendants confirmed Petitioner's identity in the surveillance images taken at a Veterans Affairs facility and reported that "Smith stole the wallets, handed them off to [the co-defendants] and that was the [co-defendants] who made the purchases." Presentence Investigation Report ¶¶ 8, 12. As a result, Petitioner has not made sufficient allegations that could, if fully credited, establish that he suffered any prejudice from his alleged ineffective assistance of counsel during sentencing.

In sum, Petitioner has requested relief and an evidentiary hearing based on allegations of ineffective assistance of counsel at sentencing. A hearing is not required "if the petitioner's allegations, when viewed against the record, fail to state a claim for relief." *McMullen*, 98 F.3d at 1158. Petitioner's motion consists of conclusory allegations that are unsupported by facts or contradicted by the record. Accordingly, there is no need for an evidentiary hearing. Moreover, Petitioner has failed to demonstrate either deficient performance of counsel at sentencing or the resulting prejudice required to make a showing of ineffective assistance under *Strickland*. Therefore, Petitioner's request for resentencing is denied.

### 2. Ineffective Assistance Based on Failure to File Appeal as Requested by Defendant

Petitioner claims that counsel was ineffective for failing to file an appeal of the final judgment as requested by Petitioner. Petition at 6-7. Even where a defendant has expressly waived his right to appeal, it is deficient performance for counsel not to appeal at the request of her client, and a defendant is prejudiced by his loss of the right to appeal, regardless of the likelihood of success. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005). ("The prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal."). The law requires counsel to file a notice of appeal if a criminal defendant so requests, regardless of whether an appeal may be against the defendant's interests, including in cases such as this one, where an appeal may undo the Plea Agreement. *See id.*

Case No.: 11-CR-00141-LHK-1
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

In the instant case, the record compels a finding that Petitioner's claim that counsel failed to appeal is meritless.[3] On April 4, 2012, notwithstanding Petitioner's waiver of the right to appeal, counsel for Petitioner filed a Notice of Appeal on Petitioner's behalf. ECF No. 78. According to a declaration filed by Petitioner's counsel, this notice of appeal was filed at Petitioner's direction. *United States v. Smith,* Case No. 12-10174, ECF No. 4, Ex. B (9th Cir. May 9, 2012). Three weeks later, however, on April 24, 2012, Petitioner's counsel filed a motion to dismiss the appeal. *United States v. Smith,* Case No. 12-10174, ECF No. 2 (9th Cir. Apr. 24, 2012). The Ninth Circuit denied this motion without prejudice, providing that renewal of the motion to dismiss the appeal would be permitted if filed within 21 days and accompanied by "[Petitioner's] written consent." *United States v. Smith,* Case No. 12-10174, ECF No. 3 (9th Cir. Apr. 24, 2012). In so doing, the Ninth Circuit seemed concerned about the possibility that Petitioner had not consented to the withdrawal. Petitioner's counsel filed a renewed motion to dismiss the appeal on May 9, 2012. *United States v. Smith,* Case No. 12-10174, ECF No. 4 (9th Cir. May 9, 2012). Counsel attached to this renewed motion a statement from Petitioner, which states "I, Thurman Douglas Smith, hereby instruct [my counsel] to act on my behalf and to withdraw and abandon the appeal previously filed in my matter." *Id.*, Ex. A. The statement was signed and dated by Petitioner. Petitioner's counsel filed his own declaration as well. In this declaration, counsel stated that Petitioner had called counsel's office to initiate the withdrawal of the appeal. *Id.*, Ex. B. Counsel further stated that Petitioner signed the statement authorizing counsel to withdraw the appeal only after counsel explained "the consequences of withdrawing [Petitioner's] appeal." *Id.*, Ex. B. Petitioner's counsel further stated that he believes Petitioner was "knowingly, intelligently, and voluntarily requesting a dismissal of his appeal and is not doing so under force or duress." *Id.*

---

[3] In *Sandoval-Lopez*, the Ninth Circuit suggested that when a petitioner alleges ineffective assistance based on counsel's refusal to file an appeal, an evidentiary hearing is required to determine if the petitioner's allegations have merit. 409 F.3d at 1199. That holding is inapposite here. In *Sandoval-Lopez*, the petitioner's desire to appeal was raised for the first time in his habeas petition. *Id.* at 1195. Therefore, the record of that case was insufficient to determine "whether Sandoval-Lopez really did tell his lawyer to appeal and his lawyer refused." *Id.* at 1197. Here, there is evidence in the record that discloses Petitioner's request for an appeal, counsel's compliance with that request, and Petitioner's consent to a subsequent withdrawal of that appeal.

17

Case No.: 11-CR-00141-LHK-1
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   The Notice of Appeal itself is sufficient to conclude that Petitioner's counsel did not refuse

2   Petitioner's request for an appeal. Moreover, the signed declarations by Petitioner and Petitioner's

3   counsel establish that this appeal was not dismissed contrary to Petitioner's wishes. Moreover,

4   Petitioner does not specify the grounds on which he believes counsel should have appealed the

5   judgment against Petitioner. Furthermore, Petitioner expressly waived the right to directly appeal

6   his sentence. Accordingly, Petitioner has failed to demonstrate ineffective assistance or prejudice

7   with respect to counsel's failure to pursue a direct appeal. Moreover, no evidentiary hearing is

8   necessary to conclude that Petitioner's counsel did not act ineffectively in handling Petitioner's

9   appeal.[4] *See U.S. v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004) (holding that an evidentiary hearing

10  is only required where "(1) [Petitioner] alleges specific facts which, if true, would entitle him to

11  relief; *and* (2) the petition, files and record of the case cannot conclusively show that he is entitled

12  to no relief." (emphasis added)).

13  **III.     CONCLUSION**

14          In sum, none of Petitioner's grounds for relief has merit. Petitioner has waived all of his

15  claims except for ineffective assistance of counsel, and has failed to demonstrate either the

16  deficient performance of his counsel or the resulting prejudice required to make a showing of

17  ineffective assistance of counsel under *Strickland.* Accordingly, Petitioner's Motion to Set Aside,

18  Correct, or Vacate Sentence Pursuant to 28 U.S.C. § 2255 is DENIED WITH PREJUDICE. No

19  certificate of appealability shall issue, as Petitioner has not made a substantial showing of the

20  denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall

21  enter judgment against the Petitioner and in favor of the Respondent. The Clerk shall further close

22  the case file in Case No. 13-CV-1206-LHK.

---

23  [4] Petitioner makes passing and conclusory references to being "intimidated" or "cohearsed [sic]"
    into withdrawing his appeal by counsel. Reply at 10:12; 11:18; 12:10. Without more, these claims
24  are insufficiently specific or credible to justify an evidentiary hearing, particularly in light of the
    statements from Petitioner and Petitioner's counsel to the Ninth Circuit. *United States v. Johnson*,
25  988 F.2d 941, 945 (9th Cir. 1993) ("Merely conclusory statements in a § 2255 motion are not
    enough to require a hearing."); *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)
26  ("The court may deny an evidentiary hearing if the petitioner's allegations, viewed against the
    record. . . 'are so palpably incredible or patently frivolous to warrant summary dismissal'" (quoting
27  *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985))).

28
                                                    18

Case No.: 11-CR-00141-LHK-1
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255

1

2   **IT IS SO ORDERED.**

3   Dated: June 18, 2014

4   _____

5   LUCY H. KOH
    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 11-CR-00141-LHK-1
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255